UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DARIAM GONZALEZ ESPINOSA,

                  Petitioner,

      v.

TODD LYONS, *et al.*,

                  Respondents.

Civil Action No. 26-945 (JXN)

**MEMORANDUM AND ORDER**

**NEALS**, District Judge

    Before the Court is Petitioner Dariam Gonzalez Espinosa's ("Petitioner") counseled Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his detention (ECF No. 1), a request for an Order to Show Cause ("OTSC") (*id.* at 21), and a Motion for Temporary Restraining Order ("TRO") (ECF No. 2).

    Petitioner has paid the $5.00 filing fee. In accordance with Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"), which is applicable to § 2241 cases through Rule 1(b) of the Habeas Rules, this Court has screened the Petition for dismissal and determined that dismissal without an answer and the record is not warranted.

    Petitioner requests an OTSC, relying on 28 U.S.C. § 2243. (ECF No. 1 at 21.) Section 2243 states that "the writ... shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." Multiple courts in this District have found that Rule 4 of the Habeas Rules, applicable to § 2241 cases through Rule 1(b) of the Habeas Rules, provides the Court with more flexible time limits for ordering an answer and supersedes the time limits of 28

U.S.C. § 2243 to the extent there is a conflict.[1] *See Iremashvili v. Rodriguez*, No. 15-6320, 2017 WL 935441, at *2 (D.N.J. Mar. 9, 2017); *Capozzi v. Fed. Bureau of Prisons*, No. 21-19533, 2021 WL 5881587, at *1 (D.N.J. Dec. 13, 2021); *Schumaker v. Knight*, 23-20834, 2024 WL 866347, at *1 (D.N.J. Feb. 29, 2024). The Court agrees and denies Petitioner's request for an Order to Show Cause under § 2243, as it directs Respondents to answer the Petition pursuant to its authority under the Habeas Rules.

Petitioner requests a TRO ordering enjoining Petitioner's transfer and further detention. (*See generally* ECF Nos. 2, 2-1). Federal Rule of Civil Procedure 65 governs TROs and preliminary injunctions. "If there is a possibility that irreparable injury will occur before the hearing on a preliminary injunction required by Rule 65(a) can be held, a temporary restraining order may be available under Rule 65(b)." *Int'l Foodsource, LLC v. Grower Direct Nut Co.*, No. 16-3140, 2016 WL 4150748, at *6 (D.N.J. Aug. 3, 2016). Such "[i]njunctive relief is an extraordinary remedy and should be granted only in limited circumstances." *See Westchester Fire Ins. Co. v. Glob. Real Constr., LLC*, No. 09-0207, 2009 WL 137414, at *1 (D.N.J. Jan. 20, 2009) (quoting *Kos Pharm. Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)). A court may grant temporary restraints only if a party shows: "(1) that it will likely succeed on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Spectrum Produce Distrib., Inc. v. Fresh Mktg., Inc.*, No. 11-6368, 2011 WL 13063669, at *2 (D.N.J. Nov. 1, 2011). The primary purpose of a preliminary injunction is the maintenance of

---

[1] Federal procedural rules, which are promulgated by the U.S. Supreme Court and approved by Congress, have the force of statute. *See* 28 U.S.C. § 2072; *Sempier v. Johnson & Higgins*, 45 F.3d 724, 736 (3d Cir. 1995); *United States v. Christian*, 660 F.2d 892, 899 (3d Cir. 1981). Indeed, § 2072 explicitly states that "[a]ll laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." 28 U.S.C. § 2072(b). And "[w]here a Rule of Civil Procedure conflicts with a prior statute, the Rule prevails." *Penfield Co. of Cal. v. SEC*, 330 U.S. 585, 589 n.5 (1947).

the status quo until a decision on the merits of a case is rendered. *See Acierno v. New Castle Cnty.*, 40 F.3d 645, 647 (3d Cir. 1994). Where the movant seeks to alter the status quo, that party must meet a heavy burden. *See Punnett v. Cater*, 621 F.2d 578, 582 (3d Cir. 1980). Here, enjoining Respondents from transferring Petitioner from his current detention facility will maintain the status quo. Therefore, the Court will grant the TRO solely to the extent that Respondents are enjoined from transferring Petitioner from his current detention facility in New Jersey. Accordingly,

**IT IS**, on this 30th day of January 2026,

**ORDERED** that the Clerk of the Court shall serve a copy of the Petition (ECF No. 1) and this Order upon Respondents by regular mail, with all costs of service advanced by the United States; it is further

**ORDERED** that the Clerk of the Court shall forward a copy of the Petition (ECF No. 1) and this Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; it is further

**ORDERED** that the Motion for an OTSC (ECF No. 1 at 21) is **DENIED without prejudice** in light of the Court's Order directing Respondents to answer the Petition under the Habeas Rules; it is further

**ORDERED** that Motion for a TRO (ECF No. 2) is <u>**GRANTED solely to the extent the Respondents are enjoined from transferring Petitioner from his current detention facility in New Jersey during the pendency of these proceedings**</u>; it is further

**ORDERED** that within fourteen (14) days of the date of the entry of this Order, Respondents shall electronically file a full and complete answer to said Petition, which responds to the factual and legal allegations of the Petition paragraph by paragraph; and it is further

3

**ORDERED** that the answer shall state the statutory authority for Petitioner's detention, *see* 28 U.S.C. § 2243, and provide the relevant legal analysis and record evidence supporting the asserted statutory basis for detention; it is further

**ORDERED** that Respondents shall raise by way of the answer any appropriate defenses which Respondents wish to have the Court consider, including, but not limited to, exhaustion of administrative remedies, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate legal authority; it is further

**ORDERED** that Respondents shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; it is further

**ORDERED** that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Petition within fourteen (14) days after the answer is filed; it is further

**ORDERED** that within seven (7) days of Petitioner's release, be it transfer to supervised release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of the Order upon the parties electronically.

HONORABLE JULIEN XAVIER NEALS
United States District Judge