**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DARIAM GONZALEZ ESPINOSA,<br><br>                              Petitioner,<br><br>        v.<br><br>TODD M. LYONS, *et al.*,<br><br>                              Respondents. | Civil Action No. 26-945 (JXN)<br><br><br>**MEMORANDUM AND ORDER** |

**NEALS**, District Judge

Before the Court is Petitioner Dariam Gonzalez Espinosa's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his continued detention by immigration authorities without an individualized bond hearing. (ECF No. 1.) Respondents filed a letter response. (ECF No. 6.)

According to the I-213 Record of Deportable/Inadmissible Alien Form, dated July 28, 2025, Petitioner, a native of Cuba, entered the United States without inspection on April 19, 2021. (ECF No. 6-1 at 2-3.) On the same date, Petitioner was processed as an "expedited removal with credible fear." (*Id.* at 2.) On May 4, 2021, Petitioner was released on "his own recognizance." (*Id.*) On July 28, 2025, after Petitioner was found to have a credible fear of persecution, Petitioner was arrested by Immigration Customs and Enforcement ("ICE") agents pursuant to a warrant of arrest and has been detained in ICE custody since his arrest. (ECF No. 6 at 1-2; ECF No. 1 at 5.) Following Petitioner's arrest and detention by ICE, he has not been afforded an individualized bond hearing because he is being held in mandatory detention under 8 U.S.C. § 1225(b)(1). (ECF No. 6 at 2.)

Through counsel, Petitioner filed an application for asylum, withholding of removal, and deferral of removal before the Immigration Court. (ECF No. 1 at 6.) On October 7, 2025, the Immigration Judge ("IJ") denied Plaintiff's applications and ordered him removed to Cuba. (*Id.*) On November 7, 2025, Plaintiff timely appealed the IJ's denials to the Board of Immigration Appeals. (*Id.*) That appeal remains pending. (*Id.*)

The Court ordered Respondents to file an answer. (*See* ECF No. 4.) Respondents filed a letter response. (ECF No. 6.)

The Petition contends Respondents have violated Petitioner's due process rights and that he is unlawfully detained under 8 U.S.C. § 1225(b)(2). (*See generally* ECF No. 1.) Respondents argue that Petitioner is mandatorily detained under § 1225(b)(1). (ECF No. 6 at 2-3.) Respondents claim that they detained Petitioner under 8 U.S.C. § 1225(b)(1)(B)(ii), because Petitioner was: (i) apprehended at a port of entry or near the border, (ii) placed into expedited removal proceedings, and (iii) was found by an asylum officer to have a positive credible fear of persecution or torture. (*Id.* at 2.) According to Respondents, Petitioner's detention is mandatory pending removal proceedings under § 1225(b)(1)(B)(ii), which states that, with a positive credible fear determination, the alien "shall be detained" throughout the removal proceedings. (*Id.*, citing *Matter of M-S-,* 27 I&N Dec. at 512 (stating § 1225(b)(1) "mandates detention throughout the completion of removal proceedings unless the alien is paroled") (internal quotation marks and alterations omitted).) Respondents further suggest that the fact Petitioner "was released or paroled after being first apprehended and later re-detained does not change detention from § 1225(b)(1) to § 1226(a)." (*Id.*)

In support of their position, Respondents rely on cases where it has been found that when the petitioner was released on parole after being placed into expedited removal proceedings and

found to have a positive fear of persecution, the Petitioner remains subject to §1225(b)(1)'s mandatory detention when later re-detained. (*Id.* at 1-2, citing *Faqirzada v. Rokosky*, 25-16639 (MAS), 2026 WL 63614 (D.N.J. Jan. 8, 2026) (holding that a noncitizen granted humanitarian parole under 8 U.S.C. § 1182(d)(5)(A) upon entry and later re-detained remains subject to § 1225(b)(1)); *Pipa-Aquise v. Bondi*, No. 25-1094, 2025 WL 2490657, at *1 (E.D. Va. Aug. 5, 2025) (collecting cases);  *Geincharles v. Rokosky*, 26-00150 (ESK), 2026 WL 266093 (D.N.J. Feb. 2, 2026) (denying petition in § 1225(b)(1) case where noncitizen was detained, released on humanitarian parole under 8 U.S.C. § 1182(d)(5)(A), and subsequently redetained); *Tasigchana v. Soto*, No. 25-18252 (ZNQ), 2026 WL 266170 (D.N.J. Feb. 2, 2026) (same); *Faqirzada v. Rokosky*, 25-16639 (MAS), 2026 WL 63614 (D.N.J. Jan. 8, 2026) (same); *Sanchez v. Soto*, No. 25-19082 (SDW), 2026 WL 125576 (D.N.J. Jan. 16, 2026) (same, interpreting § 1225(b)(2)).)

The cases Respondents rely upon are distinguishable from the instant matter. In all the cases relied upon by Respondents, the petitioners were released into the country on parole after being placed in expedited removal proceedings. Here, Petitioner was not paroled into the country in 2021, and Respondents acknowledge that Petitioner was released on his own recognizance. (*Id.* at 1.)

An alien who attempts to enter the United States illegally and who is detained shortly after making an unlawful crossing of the border is "treated as an applicant for admission" and is subject to the terms of § 1225(b)(1). *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139-40 (2020). Aliens subject to this provision will generally be issued an expedited removal order unless they indicate to immigration officers that they have a credible fear of persecution, in which case they may be referred for further proceedings regarding that fear. *Castro v. U.S. Dep't of Homeland Sec.*, 835 F.3d 422, 425 (3d Cir. 2016). Pursuant to the statute, such aliens are subject to mandatory

detention throughout removal or credible fear proceedings, although the Government may, in its discretion, temporarily parole such aliens "for urgent humanitarian reasons or significant public benefit." *See Jennings v. Rodriguez*, 583 U.S. 281, 287-88 (2018). The parole statute instructs that,

> such parole of an alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission.

8 U.S.C. § 1182(d)(5)(A).

Here, the record makes it clear that Petitioner was not paroled into the country following his assertion of a fear of persecution. Rather, Petitioner was released under his own recognizance. (ECF No. 1 at 1.) As Respondents do not argue that Petitioner received humanitarian parole in 2021, they have failed to offer support for their position that he remains subject to § 1225(b)(1)'s mandatory detention based on his parole status. *See Marcilla Flores v. Rokosky*, 25-18998 (GC) (D.N.J. Jan. 12, 2026) (rejecting the respondents' argument that petitioner was mandatorily detained under §1225b(b)(1), when respondents did not show petitioner was paroled); *see also Sotelo Salvatierra v. Bondi,* No. 25-18608, 2026 WL 45171, at *1 (D.N.J. Jan. 7, 2026) (same).

Courts in this District, including this Court in the recent matter *Fuentes Velasquez v. Noem*, No. 25-16797 (JXN), have considered whether noncitizens who are detained after having already been in this country are unlawfully held in mandatory detention under § 1225(b) and need to be treated as being held under the discretionary authority of 8 U.S.C. § 1226(a). In *Fuentes Velasquez*, Respondents argued DHS has implemented a new policy interpreting INA § 235, 8 U.S.C. § 1225(b)(2)(A), to require mandatory detention of noncitizens who entered the United States without admission or inspection and to render them ineligible for release on bond, a position that

the Board of Immigration Appeals recently adopted in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). *See Fuentes Velasquez*, No. 25-16797 (ECF No. 5).

In *Fuentes Velasquez*, this Court rejected *Hurtado's* interpretation of 8 U.S.C. § 1225(b)(2). *Fuentes Velasquez*, No. 25-16797 (ECF Nos. 8, 9). In a factually similar situation, the Court held that Fuentes Velasquez was unlawfully held in mandatory detention under § 1225(b)(2) and must be treated as being held under the discretionary authority of 8 U.S.C. § 1226(a). *See id.*

In *Fuentes Velasquez*, this Court explained the following:

The issue of whether Petitioner is properly detained under § 1225(b) or § 1226(a) is similar to that of many cases in this District and around the country. "The line historically drawn between these two sections . . . is that section 1225 governs detention of non-citizens 'seeking admission into the country,' whereas section 1226 governs detention of non-citizens 'already in the country.'" *Martinez v. Hyde*, No. 25-cv-11613, 2025 WL 2084238, at *8 (D. Mass. July 24, 2025) (citing *Jennings*, 583 U.S. at 288–89); *see also Lopez-Campos v. Raycraft*, 2025 WL 2496379, at *8 (E.D. Mich. Aug. 29, 2025) ("There can be no genuine dispute that Section 1226(a), and not Section 1225(b)(2)(A), applies to a noncitizen who has resided in this country for over twenty-six years and was already within the United States when apprehended and arrested during a traffic stop, and not upon arrival at the border."). "[T]he provisions at issue here are mutually exclusive—a noncitizen cannot be subject to both mandatory detention under § 1225 and discretionary detention under § 1226 . . . ." *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *4 (S.D.N.Y. Aug. 13, 2025).

. . .

For nearly 30 years, § 1225 has applied to noncitizens who are either seeking entry to the United States or have a close nexus to the border, and § 1226 has applied to those aliens arrested within the interior of the United States. The Supreme Court in *Jennings* explicitly adopted this distinction, describing § 1225 as the detention statute for noncitizens affirmatively "seeking admission" into the United States, and § 1226 as the detention statute for noncitizens who are "already in the country." 583 U.S. at 289. And although the *Jennings* Court characterizes § 1225(b)(2) as the "catchall" detention provision for noncitizens who are "seeking admission," it identifies § 1226(a) as the "default rule" for the arrest, detention, and release of non-criminal aliens who are already present in the United States. *Id.* at 303.

The vast majority of courts confronting this precise issue have rejected Respondents' interpretation, as well as the BIA's interpretation in *Hurtado*, as

contradictory to the plain text of § 1225.[1] *See*, *e.g.*, *Soto*, 2025 WL 2976572, at *7 (finding that § 1225(b)(2)(A) applies only to noncitizens who are actively, *i.e.*, affirmatively, "seeking admission" to the United States and not petitioners who have been residing in the United States); *Belsai D.S. v. Bondi*, No. 25-cv-3682, 2025 WL 2802947 at * 6 (D. Minn. Oct. 1, 2025) (noting that "the government's proposed interpretation of § 1225(b) [is] at odds with the context and structure of the provisions governing detention of noncitizens who are arriving at the border and those who are already present in the country"); *Zumba*, 2025 WL 2753496 at * 3 (noting that "up until July 8 the predominant form of detention authority for petitioner and other noncitizens arrested in the interior of the United States was § 1226(a)"); *Salazar v. Dedos*, No. 25-cv-835, 2025 WL 2676729 (D.N.M. Sept. 17, 2025); *Lepe v. Andrews*, No. 25-cv-01163, 2025 WL 2716910 (E.D. Cal. Sept. 23, 2025); *Roman v. Noem*, No. 25-cv-01684, 2025 WL 2710211 (D. Nev. Sept. 23, 2025); *Giron Reyes v. Lyons*, No. 25-cv-4048, 2025 WL 2712427 (N.D. Iowa Sept. 23, 2025); *Singh v. Lewis*, No. 25-cv-0096, 2025 WL 2699219 (W.D. Ky. Sept. 22, 2025); *Barrera v. Tindall*, No. 25-cv-541, 2025 WL 2690565 (W.D. Ky. Sept. 19, 2025); *Hasan v. Crawford*, No. 25-cv-1408, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025); *Vazquez v. Feeley*, No. 2:25–cv–01542, 2025 WL 2676082 (D. Nev. Sept. 17, 2025); [collecting additional cases].

*Fuentes Velasquez*, No. 25-16797 (ECF No. 8 at 5-10).

Based on this Court's statutory interpretation in *Fuentes Velasquez*, No. 25-16797, the Court finds the facts asserted in the Petition establish Petitioner's detention is authorized only by 8 U.S.C. § 1226(a), and not § 1225(b). Accordingly,

**IT IS**, on this 20th day of February 2026,

**ORDERED** that the Petition (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that Respondents shall treat Petitioner as detained under 28 U.S.C. § 1226(a); and it is further

**ORDERED** that, as soon as practicable but **no later than 7 days from the date of this Order**, Respondents shall provide Petitioner with an individualized bond hearing in accordance

---

[1] This Court is not required to defer to the BIA's interpretation of § 1225 because "[w]hen the meaning of a statute [is] at issue, the judicial role [is] to 'interpret the act of Congress, in order to ascertain the rights of the parties.'" *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 385 (2024) (quoting *Decatur v. Paulding*, 39 U.S. 497, 503 (1840)).

with 8 U.S.C. § 1226(a) before an immigration judge who shall assess whether he presents a flight risk or a danger to the community; and it is further

**ORDERED** that within **three (3) days** of that bond hearing, Respondents shall file a written notice of the outcome of that proceeding with the Court; and it is finally

**ORDERED** the Clerk of Court shall serve a copy of this Order and the accompanying Opinion upon the parties electronically and **CLOSE** the case.

HONORABLE JULIEN XAVIER NEALS
United States District Judge