**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

DARIAM GONZALEZ ESPINOSA,

     Petitioner,

  v.

TODD LYONS, *et al.*,

     Respondents.

Civil Action No. 26-945 (JXN)

**OPINION**

**NEALS**, District Judge

Before the Court is Petitioner Dariam Gonzalez Espinosa's ("Petitioner") Motion for Reconsideration (ECF No. 14) and Emergency Supplemental Motion for Reconsideration (ECF No. 18) (collectively "Motions"), which the Court construes as Motions for Enforce the Court's February 20, 2026 Memorandum and Order ordering Respondents to provide Petitioner with an individualized bond hearing before an immigration judge. Respondents filed an opposition. (ECF No. 21.) Having considered the parties' submissions in support of and in opposition to Petitioner's Motion, the Court decides the Motions without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Petitioner's Motion is **DENIED**.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

Petitioner, a citizen of Cuba, entered the United States without inspection in 2021. (ECF No. 6-1 at 2-3.) On the same date, Petitioner was processed as an "expedited removal with credible fear." (*Id.* at 2.) On May 4, 2021, Petitioner was released on "his own recognizance." (*Id.*) On July

28, 2025, after Petitioner was found to have a credible fear of persecution, Petitioner was arrested by Immigration Customs and Enforcement ("ICE") agents pursuant to a warrant of arrest. (ECF No. 6 at 1-2; ECF No. 1 at 5.)

Through counsel, Petitioner filed an application for asylum, withholding of removal, and deferral of removal before the Immigration Court. (ECF No. 1 at 6.) On October 7, 2025, the Immigration Judge ("IJ") denied Plaintiff's applications and ordered him removed to Cuba. (*Id.*) On November 7, 2025, Plaintiff timely appealed the IJ's denials to the Board of Immigration Appeals. (*Id.*)

On January 30, 2026, Petitioner filed his Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his detention by immigration authorities. (*See* ECF No. 1.) Respondents filed an answer submitting that Petitioner was lawfully detained under 8 U.S.C. § 1225(b)(1). (*See* ECF No. 6.)

On February 20, 2026, the Court issued a Memorandum and Order granting the Petition, holding that the statutory basis for Petitioner's detention is 28 U.S.C. § 1226(a). (*See generally* ECF No. 7.) Accordingly, the Court ordered Respondents to provide Petitioner with "an individualized bond hearing . . . before an immigration judge [to] assess whether [Petitioner] presents a flight risk or a danger to the community." (*Id.*) The Court ordered that the bond hearing take place no later than seven days from the date of the Order. (*Id.*)

On March 2, 2026, Petitioner filed a letter request for immediate release, arguing that Respondents failed to provide him with an individualized bond hearing within the time ordered by the Court. (*See* ECF No. 8.) The following day, Respondents filed a letter response, submitting that "[d]ue to an administrative error, [Respondents] did not timely forward the Court's February 20, 2026, order to U.S. Immigrations and Customs Enforcement ("ICE"), and as a result, a bond

hearing was not scheduled within the Court's 7-day deadline." (ECF No. 10.) Respondents further informed the Court that upon receipt of Petitioner's letter requesting immediate release, Respondents requested ICE to schedule a bond hearing for the same day. (*Id.*) Petitioner's individualized bond hearing was scheduled for March 3, 2026, at 2:30 p.m. (*Id.*)

On March 4, 2026, Respondents filed a letter informing the Court that Petitioner received his bond hearing, and the IJ denied Petitioner bond. (*See* ECF No. 12.) The IJ found Petitioner a flight risk based on his removal order that the immigration court entered on October 7, 2025. (*Id.*) On March 6, 2026, the Court denied Petitioner request for immediate release. (ECF No. 13.)

On May 30, 2026, Petitioner filed the instant Motion, challenging IJ Addicott's denial of bond and requesting Petitioner's immediate release or alternatively a new individualized bond hearing.[1] (ECF No. 14.) On June 17, 2026, the Court ordered a response. (ECF No. 17.) On the same day, Petitioner filed a Supplemental Motion. (ECF No. 18.) On April 20, 2026, Respondents filed a response, arguing that Petitioner has failed to show that his bond hearing was "fundamentally unfair." (*See* ECF No. 21.)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on the petitioner to show that he is in

---

[1] The Court has construed the Motion as a Motion to Enforce the Cout's February 20, 2026, Memorandum and Order ordering Respondents to provide Petitioner with an individualized bond hearing.

custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.    DISCUSSION

In Petitioner's Motions, Petitioner argues that the IJ's finding that Petitioner is a flight risk contradicted the Government's own conduct over the course of several years. (ECF No. 14 at 3-4.) Petitioner argues that the Government granted Petitioner employment authorization and has not alleged that he failed to comply with his immigration proceedings. (*Id.*; ECF No. 18 at 5-5.) Petitioner argues that the IJ failed to consider the totality of the circumstances, including, among other things, his family ties, fixed residence, employment history and immigration history. (*Id.* at 5; ECF No. 18 at 5.)

This Court lacks jurisdiction to review any discretionary determinations underlying the immigration judge's bond decision, but it can review whether the bond hearing was fundamentally unfair in violation of this Court's order. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). In a fundamentally fair bond hearing, due process has three essential elements. The noncitizen "(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his interests." *Ghanem*, 2022 WL 574624, at *2.

On March 3, 2026, Petitioner received a bond hearing before IJ Addicott. (*See* ECF No. 21-1.) The Court has reviewed the bond hearing transcript and finds IJ Addicott did not abuse his discretion in deeming Petitioner had not met his burden of proving that he was not a flight risk. (*See id.*) The Court notes that IJ Addicott adequately considered Petitioner's submitted evidence and oral arguments in support of the bond application. (*Id.* at 11-13.)

The IJ heard argument from Petitioner's counsel. (*Id.* at 11.) Counsel argued that Petitioner had been in the country since 2021, and was detained when appearing for a hearing in immigration court. (*Id.*) Counsel noted Petitioner had no criminal history. (*Id.*) Counsel argued that Petitioner has strong family ties, including permanent resident parents. (*Id.*) Petitioner also had no history of non-compliance in immigration court. (*Id.*) Counsel argued that Petitioner has a pending appeal with the BIA and has a fixed address. (*Id.*)

IJ Addicott acknowledged that he considered Petitioner's family ties and potential avenues for relief that were argued by counsel. (*Id.* at 13.) The IJ also noted that Petitioner unlawfully entered the United States and that an IJ denied Petitioner all relief and ordered Petitioner removed. (*Id.* at 12–13.) The IJ found that although Petitioner had a pending appeal, he currently has an order of removal. (*Id.* at 13.) Based on that pending order of removal, the IJ found Petitioner had not met his burden to show that he was not a flight risk. (*Id.* at 12–13.)

Here, Petitioner's challenge to IJ Addicott's denial of bond based on him being a flight risk is a challenge to the IJ's credibility determinations and weighing of the evidence, which are discretionary determinations beyond the review of this Court. 8 U.S.C. § 1226(e); *see also Ghanem*, 2022 WL 574624, at *2 ("A motion to enforce a judgment is not the proper avenue to relitigate the merits of a bond order.") This Court does not express any opinion on whether IJ Addicott came to the correct conclusion, but the record compels a finding that Petitioner received the individualized bond hearing as required under 8 U.S.C. § 1226(a) and 8 C.F.R. § 236.1(d)(1) that he was entitled to. Any further challenge to IJ Addicott's denial of bond must be presented to the Board of Immigration Appeals.

## IV.     CONCLUSION

For the reasons set forth above, the Motions (ECF Nos. 14, 18) are **DENIED**. An appropriate Order accompanies this Opinion.


**DATED**: 7/21/2026

                                               _____

                                               **JULIEN XAVIER NEALS**
                                               **United States District Judge**